IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-00497-RJC-DCK

| | |
|---|---|
| ZHEJIANG SHENGHUI LIGHTING CO., LTD, and SENGLED USA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TVL INTERNATIONAL, LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> MEMORANDUM AND RECOMMENDATION |

**THIS MATTER IS BEFORE THE COURT** on Plaintiffs' "Motion To Compel" (Document No. 95) and Defendant's "Amended Motion To Dismiss All Counterclaims Without Prejudice" (Document No. 99). The undersigned finds that efficient case management and judicial economy favor addressing both pending motions in one Memorandum And Recommendation, as the two motions are related. These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and are now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the "Motion to Compel" be granted and the "Amended Motion To Dismiss All Counterclaims Without Prejudice" be denied without prejudice.

**I. BACKGROUND**

SengLED USA, Inc. and Zhejiang Shenghui Lighting Co., Ltd. (collectively "SengLED" or "Plaintiffs") initiated this action with the filing of a Complaint on July 6, 2018 in the United States District Court for the District of Delaware. (Document No. 1, p. 1). SengLED USA, Inc., a Georgia corporation headquartered in Alpharetta, Georgia, is a subsidiary of Zhejiang Shenghui

Lighting Co., Ltd., the Chinese parent company headquartered in China.  Id. at pp. 2, 3.  TVL International LLC ("Defendant" or "TVL") is a Delaware corporation with a principal place of business in Matthews, North Carolina.  Id.  The Complaint alleges four claims against TVL.  SengLED seeks declaratory judgments of invalidity and non-infringement of a patent held by TVL and also a declaratory judgment "that no valid and enforceable manufacturing contract exists between SengLED CN and TVL."  Id. at pp. 1-2.  The Complaint also makes a claim for breach of a technology development contract.  Id. at p. 1.[1]

Defendant filed an "Answer and Affirmative Defenses to Plaintiffs' Complaint" on April 12, 2019.  (Document No. 33).  On May 3, 2019, Defendant then filed an "Amended Answer, Affirmative Defenses, and Counterclaims."  (Document No. 38).  The Amended Answer added two counterclaims against Plaintiffs for: (1) patent infringement; and (2) breach of an implied manufacturing agreement.  Id. at pp. 18-20.  Also on May 3, 2019, Defendant filed a "Motion to Transfer Venue" to the Western District of North Carolina.  (Document No. 36).  On October 2, 2019, the case was transferred from the District of Delaware to the Western District of North Carolina.  Notably, prior to a ruling on the motion to transfer venue, Plaintiffs filed a "Motion to Dismiss TVL International LLC's Counterclaims" on June 7, 2019.  (Document No. 51).  The Honorable Robert J. Conrad, Jr. issued an order denying without prejudice Plaintiffs' Motion to Dismiss TVL's counterclaims on February 21, 2020.  (Document No. 90).

---

[1] This case is related to a separate action (TVL International, LLC v. Zhejiang Shenghui Lighting Co., Ltd., and SengLED USA, Ltd., Case No. 3:19-cv-00393), also ongoing before this district court, in which the parties are litigating whether to confirm an arbitration award granted to TVL by an arbitration panel at the American Arbitration Association's International Centre for Dispute Resolution.  The initial dispute arose out of a relationship between SengLED, an LED light bulb manufacturer, and TVL, a company developing a battery back-up LED light bulb. (Document No. 9 in case no. 3:19-cv-00393, p. 2).  SengLED and TVL engaged in efforts to jointly develop the battery back-up LED light bulb, but ultimately, the relationship between the parties ended prior to full development and production of the product.  Id.  Arbitration claims that TVL brought against SengLED included breach of a non-disclosure agreement, breach of the covenant of good faith and fair dealing, fraud, violation of the Federal Defend Trade Secrets Action, and violation of the North Carolina Unfair and Deceptive Trade Practices Act.  Id. at pp. 2-3.

The Court issued a "Claim Construction Scheduling Order" on June 17, 2020. (Document No. 94). The original deadlines included (among others): July 23, 2020 – serve initial infringement contentions; and September 21, 2020 – serve initial invalidity contentions. Id.

The undersigned issued an order on September 17, 2020 granting Plaintiffs' motion to stay certain deadlines in the Court's Claim Construction Scheduling Order of June 17, 2020 given the pending motions to dismiss by TVL of its counterclaims and the pending motion to compel by SengLED. See (Document Nos. 94, 103, 108). Defendant had consented to SengLED's motion to stay these deadlines. (Document No. 107). Revised deadlines under the Court's September 17, 2020 order amending the Claim Construction Scheduling Order included (among others): October 26, 2020 – serve initial invalidity contentions; November 16, 2020 – exchange of terms for construction; December 7, 2020 – exchange preliminary claim construction. (Document No. 108, p. 2). The undersigned issued a similar order on December 17, 2020 granting Defendant's motion to extend the scheduling order deadlines due to Defendant TVL's November 25, 2020 motion to withdraw as attorney. (Document Nos. 110, 111, 117). New deadlines set by the order included (among others): January 22, 2021 – exchange of terms for construction; and February 5, 2021 – exchange preliminary claim construction. (Document No. 117, p. 2). Notably, the undersigned denied without prejudice TVL's motion to withdraw as attorney on January 7, 2021. (Document No. 118).

On August 8, 2020, Plaintiffs filed the pending "Motion To Compel." (Document No. 95). The motion to compel has now been fully briefed. See (Document Nos. 98, 101). Plaintiffs contend in the motion that as set by the Court's Claim Construction Scheduling Order of June 17, 2020, TVL was required to serve initial infringement contentions, however, it has failed to do so. (Document No. 95, p. 1). Plaintiffs also allege that one week after the July 23 deadline for service

of the initial infringement contentions, on July 30, 2020, they sent an email through counsel to TVL's counsel to inquire about the initial infringement contentions. Id. TVL responded via email on August 3, 2020, indicating that they were waiting to hear from SengLED regarding a possible settlement of the matter. Id. In email exchanges between the parties' counsel, counsel for SengLED indicated that given that the deadline for serving the initial infringement contentions had passed, SengLED was of the belief that the scheduling order remained in effect and TVL should provide the requested discovery. Id. at p. 2.

On August 18, 2020, Defendant filed a "Motion To Dismiss Counterclaim For Patent Infringement Without Prejudice. (Document No. 96). Approximately one week later, on August 26, 2020, Defendant filed an "Amended Motion To Dismiss All Counterclaims Without Prejudice." (Document No. 99).[2] Defendant highlights in its amended motion that while it contacted counsel for Plaintiffs prior to filing the motion to inquire about possible entry of a Rule 41(a) stipulation of dismissal without prejudice of its counterclaims, Plaintiffs did not consent. Id. The motion to dismiss has now been fully briefed. See (Document Nos. 100, 102, 104).

## II. STANDARD OF REVIEW

**Motion to Compel**

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

---

[2] Given Defendant's filing of an Amended Motion to Dismiss All Counterclaims, Defendant's first "Motion to Dismiss Counterclaim For Patent Infringement Without Prejudice" (Document No. 96) is rendered moot.

4

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed.R.Civ.P. 37(a)(5)(A).

**Motion to Dismiss Under Rule 41(a)(2) and 41(c)**

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed.R.Civ.P. 41(a)(2). Rule 41(c) indicates that this rule "applies to a dismissal of any counterclaim, crossclaim, or third-party claim." Fed.R.Civ.P. 41(c). "In considering a motion for

voluntary dismissal, the district court must focus primarily on protecting the interests of the [non-movant]." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). First, a district court must decide "if the counterclaim [here, the claim] can remain pending for independent adjudication by the court." Fed.R.Civ.P. 41(a)(2). Only then, "[i]f the answer is yes, [can the Court] proceed to determine whether the plaintiff should be permitted to dismiss the action." Brown v. Brown, 343 F. Supp. 2d 195, 197 (E.D.N.Y. 2004).

A plaintiff's motion (or here, defendant's motion with respect to its counterclaim) under Rule 41(a)(2) for dismissal without prejudice should not be denied absent substantial prejudice to the defendant (here, the plaintiff). Andes v. Versent Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). Whether to grant a voluntary dismissal under Rule 41(a)(2) lies within the district court's discretion. Davis, 819 F.2d at 1273. Factors a district court should consider in ruling on such motions are: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending. Gross v. Spies, 133 F.3d 914 (4th Cir. 1998) (unpublished) (citing Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 358 (10th Cir. 1996); Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir. 1994); Paulucci v. City of Duluth, 826 F.2d 780, 783 (8th Cir. 1987)). Furthermore, "[i]t is well-established that, for purposes of Rule 41(a)(2), prejudice to the defendant does not result from the prospect of a second lawsuit." Shue v. Life Ins. Co. of the Southwest, 2012 WL 4758275, at *2 (W.D.N.C. Oct. 5, 2012) (quoting Davis, 819 F.2d at 1274-75).

## III. DISCUSSION

**Motion to Compel**

With respect to the motion to compel, Plaintiffs request that the Court compel Defendant to: "serve its Initial Infringement Contentions as required by the Court's June 17, 2020 scheduling order." (Document No. 95, p. 2). Plaintiffs contend that TVL has not responded to their email request to serve the contentions, and "TVL has still not served its contentions as required by the Court's order, [and] has not indicated when or whether it will serve the contentions." Id. Plaintiffs argue that given their own "September 21, 2020 deadline to serve their Initial Invalidity Contentions, it is important for TVL to comply with its obligation to serve its own Initial Infringement Contentions." Id.

In opposition, Defendant in its cursory response brief to Plaintiffs' motion to compel contend that because TVL "has moved to dismiss its counterclaim for patent infringement" (Document No. 96), "the issue of serving contentions is now moot." (Document No. 98, p. 1).

In reply, Plaintiffs make a few arguments to support SengLED's position that the obligation to provide the requested infringement contentions is not moot. First, Plaintiffs argue that the discovery obligation is not moot because "TVL has simply sought permission from the Court to dismiss that counterclaim; this Court has not yet ruled upon that motion." (Document No. 101, p. 1).[3] Moreover, Plaintiffs argue, TVL failed to comply with the Court's Claim Construction Scheduling Order even before moving for dismissal of its counterclaim. Id. at pp. 1-2. Third, plaintiffs contend that the discovery obligation is not moot because even considering the hypothetical scenario in which the Court granted TVL's motion to dismiss its counterclaim, SengLED's "declaratory judgment action seeking a determination of non-infringement" would

---

[3] Relevantly, Plaintiffs observe that Defendant has moved to dismiss its patent infringement counterclaim without prejudice.

still be live, and thus, the discovery would still be relevant. (Document No. 101, p. 2). Fourth and finally in terms of Plaintiffs' arguments why the Defendant's motion to dismiss its counterclaim did not moot its discovery obligation, SengLED points out that TVL seems to have itself acknowledged that its obligation to provide discovery (and by implication, Plaintiffs seem to suggest, the initial infringement contentions) related to its patent has not been mooted on account of its intervening motion to dismiss the patent infringement counterclaim. SengLED argues that TVL's response to Plaintiffs' Requests for Production demonstrates that it plans to produce "documents and things relating to the prosecution of the patent application that resulted in the '523 patent, and any related U.S. or foreign patents." Id. at pp. 2-3. Plaintiffs in closing argue that TVL's failure to produce the initial infringement contentions will prejudice SengLED, given its own obligation to serve invalidity contentions. Id. at p. 3.

After careful consideration of the record and the parties' briefs and attachments, the undersigned finds that the motion to compel should be granted. Key to this decision is the accompanying recommendation later in this Memorandum And Recommendation that Defendant's motion to dismiss its counterclaims should be denied without prejudice. The Local Patent Rules ("P.R.") in the Western District of North Carolina indicate that in cases where a party claims infringement, not later than thirty days following the entry of the Court's Scheduling Order, "a party claiming infringement must serve on all parties a 'Disclosure of Asserted Claims and Infringement Contentions.'" P.R. 3.1. Local Patent Rule 3.2 then provides for requirements for the document production accompanying the infringement contentions. Different rules, however, apply when the procedural posture of the case is as it is here:

> [i]n all cases in which a party files a complaint or other pleading seeking a declaratory judgment that a patent is not infringed, is invalid, or is unenforceable, P.R. 3.1 and 3.2 shall not apply unless and until a claim for patent infringement is made by a party.

8

P.R. 3.5. When a defendant does not assert a counterclaim for patent infringement in a declaratory judgment action for non-infringement or invalidity, "the party seeking a declaratory judgment must serve upon each opposing party its Invalidity Contentions that conform to P.R. 3.3 and" comply with the document production disclosure requirements in P.R. 3.4. Id. Indeed, "the purpose of preliminary infringement contentions is to provide defendants with notice of infringement beyond the claim language itself." Shurtape Technologies, LLC v. 3M Co., 2011 WL 4750586, at *2 (W.D.N.C. Oct. 7, 2011) (citing Shared Memory Graphics LLC v. Apple, Inc., 2010 WL 5477477, at *3 (N.D. Cal. Dec. 30, 2010); Whipstock Servs., Inc. v. Schlumberger Oilfield Servs., 2010 WL 143720, at *1 (E.D. Tex. Jan. 8, 2010)).

Logically, then, if there is no counterclaim for *infringement* in a declaratory judgment action for *non-infringement*, the Local Patent Rules do not require production of initial infringement contentions because there is no need to put the opposing party on notice of a counterclaim that was not made. In this case, Defendant has moved to voluntarily dismiss all of its counterclaims, including its patent infringement counterclaim. (Document No. 99). If the Court were to grant Defendant's motion, then, no counterclaim for patent infringement would be at issue in the case. In that hypothetical scenario, per Local Patent Rule 3.5, Defendant would be correct that the discovery obligation to provide initial infringement contentions would be moot.[4] Plaintiffs' argument regarding the relevance of the infringement contentions to its own declaratory judgment action for non-infringement notwithstanding a scenario in which the Court dismissed TVL's patent infringement counterclaim is therefore unavailing, considering the Local Patent Rules. That hypothetical scenario, however, did not and has not yet occurred, as the Plaintiffs

---

[4] Of note, however, is Plaintiffs' observation that Defendant failed to comply with the Court's July 23, 2020 deadline for serving its initial infringement contentions prior to moving for dismissal of its patent infringement counterclaim on August 8, 2020. (Document No. 101, p. 2).

make clear. Indeed, this Memorandum And Recommendation will recommend that the Defendant's amended motion to dismiss all of its counterclaims, including the patent counterclaim, should be denied without prejudice. The patent infringement counterclaim will therefore remain an issue in the litigation, and Defendant is obligated to participate in discovery on it. The Local Patent Rules' requirement that the party claiming infringement serve its initial infringement contentions still applies and Defendant must serve such contentions. P.R. 3.1, 3.2.

As noted above, the rules of discovery are to be accorded broad and liberal construction, and the undersigned finds that the information sought by Plaintiffs is proportional to the needs of this case and thus discoverable. Defendant shall therefore serve the initial infringement contentions, consistent with Plaintiffs' request for such discovery in their motion to compel.

Pursuant to Fed.R.Civ.P. 37(a)(5)(A), Defendant shall pay Plaintiffs' reasonable expenses, including attorneys' fees, associated with preparing and filing Document Nos. 95 and 101.

**Motion to Dismiss Under Rule 41(a)(2) and 41(c)**

In its amended motion for voluntary dismissal of all of its counterclaims without prejudice, Defendant TVL asks the Court to dismiss the counterclaims pursuant to Rule 41(a)(2) and 41(c). (Document No. 99, p. 1). Defendant argues that it is "without the resources and wherewithal to continue to pursue its counterclaim," as "well more than a million dollars has been incurred in the prosecution of TVL's arbitration-based claims against SengLED." (Document No. 97, p. 3). Indeed, the primary thrust of TVL's argument for why the Court should dismiss its counterclaims is that it is "resource-strapped at this juncture." Id. Although Defendant contends that "SengLED is not and will not be prejudiced by a voluntary dismissal without prejudice of TVL's counterclaims," it does not provide substantial reasoning for such a claim. (Document No. 104, p. 4). Notably, TVL argues that the Court's granting of its motion for voluntary dismissal of its

counterclaims will have "no effect on the viability of SengLED's declaratory judgment claims." Id.

In opposition, Plaintiffs argue that first, the language of Rule 41(a)(2) (and Rule 41(c)'s indication that the rule applies to dismissals of counterclaims as well) is instructive, particularly that dismissal over the non-movant's objection is only appropriate where "the counterclaim can remain pending for independent adjudication." (Document No. 102, p. 4). Plaintiffs then cite two district court cases from other circuits and argue that "a party cannot dismiss its claims without prejudice under Rule 41(a)(2) where doing so would result in the dismissal of another parties' declaratory judgment claims." Id. Proceeding in its argument for why the Court should deny TVL's motion to dismiss its counterclaims, Plaintiffs contend that "TVL has been neither diligent in pursuing its requested dismissal, nor provided a reasonable explanation for it." Id. at 5. Plaintiffs point out that while TVL filed its counterclaims in May 2019, it waited until August 2020 to file its motion to dismiss those claims – all the while, since September 2019, contending that its financial condition was poor. Id. The suggestion that Plaintiffs make, then, is that the explanation TVL provided for its motion to dismiss was lacking and without support. Id.

Plaintiffs notably do not discuss or provide any information about the effort and expense that they have allegedly incurred in the litigation, and they also do not discuss how the current stage of the litigation substantiates their argument that they would be prejudiced by dismissal of Defendant's counterclaims. Still, Plaintiffs specifically cite this factor as one that district courts must consider in ruling upon these motions for voluntary dismissal. Id. at p. 3. In closing, Plaintiffs suggest that if the Court does grant TVL's motion to voluntarily dismiss its counterclaims, the Court should make the dismissal "contingent on TVL's acceptance of conditions." Id. at 5. These would include (1) paying SengLED's fees and expenses related to

this action prior to filing a new case; (2) limiting TVL to "only seeking damages in any future case to damages arising after the filing date of the future case"; and (3) requiring TVL to "pay SengLED's attorneys' fees and taxable costs." Id. at 6.

The undersigned has considered the four factors outlined by the Courts of Appeals in determining whether to grant voluntary dismissal. Gross, 133 F.3d 914. Moreover, the undersigned notes that where there is "plain legal prejudice" to the non-movant, a motion for voluntary dismissal without prejudice should be denied. Id. First, considering that over two years have passed since SengLED first filed its complaint against TVL in July 2018 (Document No. 1), it is evident that litigation has been pending for quite some time – suggesting that the parties have already expended significant resources related to this case. Indeed, in conjunction with the litigation of these two pending motions at issue in this Memorandum And Recommendation, the parties have litigated a motion to transfer venue to this district from the District of Delaware – all of which indicate that during a drawn-out two and a half years since the complaint was filed, the parties are at a stage of the litigation such that they have already spent significant time and resources on this matter. Although Plaintiffs' brief in response to the amended motion to dismiss does not specifically point to evidence quantifying their expense, they do provide a detailed timeline of TVL's actions in connection with the counterclaims. (Document No. 102, p. 2). Contending that TVL has employed "delay tactics," Plaintiffs reference TVL's fifteen-month gap between filing an amended answer including counterclaims in May 2019 and filing its amended motion to dismiss all of its counterclaims in August 2020. Id. The undersigned thus finds that factors (1), related to the non-movant's expenditure of effort and resources, and (4), related to the stage of the litigation, that a district court must consider in weighing whether substantial prejudice

would accrue to the non-movant in the event that voluntary dismissal was granted point in favor of denial of the motion. Gross, 133 F.3d 914.

With respect to factors (2) and (3) that a district court must consider in deciding whether to grant a motion for voluntary dismissal, the undersigned finds that Defendant has both acted with "excessive delay" and provided an "insufficient explanation of the need for a dismissal." Gross, 133 F.3d 914. As Plaintiffs adeptly point out, "TVL has been neither diligent in pursuing its requested dismissal, nor provided a reasonable explanation for it." (Document No. 102, p. 5). Filing its counterclaims in May 2019, Defendant waited fifteen months to dismiss them – contending throughout much of that year, at least since September 2019 as Plaintiffs point out, that it was financially struggling. Id. Defendant's only explanation for its requested dismissal at this late stage is that "it is resource-strapped at this juncture and therefore is not able to continue to pursue those claims at this time." (Document No. 97, p. 3). However, Defendant then fails to back up that assertion with any concrete evidence, simply indicating that pursuing its arbitration claims—a separate matter—against SengLED has "far exceeded a million dollars" for TVL. Id. Although Defendant suggests that if SengLED had accepted the Partial Final Award of the AAA tribunal against it, then "TVL would not be in the situation in which i[t] finds itself now," that is inadequate as an explanation to excuse the long delay in bringing its motion over fifteen months since filing the counterclaims. (Document No. 104, p. 4). TVL's brief does not discuss or quantify its "fees and expenses further incurred in the present action." (Document No. 97, p. 3). As discussed below, the undersigned will recommend that the motion to dismiss be denied without prejudice. If TVL could provide more basis in any future motion to dismiss to back up its claim that it "presently lacks the financial resources" to pursue its counterclaims, the Court would consider the sufficiency of such an explanation. (Document No. 104, p. 4).

13

At this point, the Court is not persuaded that TVL's dilatory actions in bringing its motion to dismiss its counterclaims would not result in substantial prejudice to SengLED if the Court were to grant the motion.[5] Indeed, TVL provides no analysis in its brief supporting its motion to dismiss (Document No. 97) or in its reply to Plaintiffs' response to support its statement that "SengLED is not and will not be prejudiced by a voluntary dismissal without prejudice of TVL's counterclaims." (Document No. 104, p. 5). Nonetheless, the undersigned recommends that the motion to dismiss be denied without prejudice.[6] If TVL in the future can adequately refute SengLED's argument that they would be substantially prejudiced by dismissal of the counterclaims, the Court would consider such a motion.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Plaintiffs' "Motion to Compel" (Document No. 95) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Defendant's "Amended Motion To Dismiss All Counterclaims Without Prejudice" (Document No. 99) be **DENIED WITHOUT PREJUDICE**. Defendant shall provide the requested initial infringement contentions on or before February 19, 2021.

**IT IS FURTHER RECOMMENDED** that Defendant's "Motion to Dismiss Counterclaim For Patent Infringement Without Prejudice" (Document No. 96) be **DENIED** as moot.

---

[5] Finding that SengLED would be substantially prejudiced in the event that TVL's motion to voluntarily dismiss its counterclaims were granted, the undersigned does not address in this Memorandum And Recommendation whether the Plaintiffs' claims could "remain pending for independent adjudication" in the event of dismissal of Defendant's counterclaims. Fed.R.Civ.P. 41(a)(2).

[6] Given the undersigned's recommendation that TVL's amended motion to dismiss all of its counterclaims be denied without prejudice, there is no need at this point to discuss Plaintiffs' suggestion that if the motion were to be granted, that TVL should have to accept conditions associated with the dismissal. (Document No. 102, pp. 5-6).

**IT IS FURTHER RECOMMENDED** that Plaintiffs' request for an award of costs and fees related to the motion to compel be **GRANTED**.  Defendant's counsel shall confer with Plaintiffs' counsel, on or before February 26, 2021, in a good faith attempt to arrange Defendant's payment of reasonable expenses and attorney's fees as directed herein.  If counsel for the parties are unable to resolve the issue of expenses and fees without further Court intervention, Plaintiffs' counsel may file a motion with appropriate supporting documentation that seeks such relief on or before March 4, 2021.

## V.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum And Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Id.  "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'"  Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: February 2, 2021

_____
David C. Keesler
United States Magistrate Judge