# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-00497-RJC-DCK

| | |
|---|---|
| ZHEJIANG SHENGHUI LIGHTING CO., LTD, and SENGLED USA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TVL INTERNATIONAL, LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER IS BEFORE THE COURT** on "TVL International, LLC's Motion To Dismiss All Counterclaims With Prejudice" (Document No. 125), Plaintiffs' "Motion To Compel" (Document No. 119), and Plaintiffs' "Motion To Compel" (Document No. 123). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and given the circumstances surrounding the motions, they are now ready for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that "TVL International, LLC's Motion To Dismiss All Counterclaims With Prejudice" (Document No. 125) be <u>granted</u>, Plaintiffs' "Motion To Compel" (Document No. 119) be <u>denied as moot</u>, and Plaintiffs' "Motion To Compel" (Document No. 123) be <u>denied as moot</u>.

## I. BACKGROUND

Much of the relevant background in this case is set forth in the undersigned's Memorandum And Recommendation (Document No. 121) on Defendant's "Amended Motion to Dismiss All Counterclaims Without Prejudice" (Document No. 99) and Plaintiffs' "Motion To Compel"

(Document No. 95). The undersigned will recount the most relevant procedural history here and direct attention to the above-mentioned Memorandum And Recommendation (Document No. 121) for a more thorough exploration of the case history. SengLED USA, Inc. and Zhejiang Shenghui Lighting Co., Ltd. (collectively "SengLED" or "Plaintiffs") initiated this action with the filing of a Complaint on July 6, 2018, in which they alleged four claims against TVL International LLC ("Defendant" or "TVL"). (Document No. 1). SengLED asserted claims for: (1) a declaratory judgment of invalidity of a patent; (2) a declaratory judgment of non-infringement of a patent; (3) breach of a technology development contract; and (4) a declaratory judgment that no manufacturing agreement existed between SengLED and TVL. Id. at pp. 5-9. Defendant filed an "Amended Answer, Affirmative Defenses, and Counterclaims" on May 3, 2019, in which it asserted two counterclaims against Plaintiffs for: (1) patent infringement; and (2) breach of an implied manufacturing agreement. (Document No. 38, pp. 18-20).

On December 17, 2020, the undersigned issued an order granting Defendant's motion to extend the scheduling order deadlines. (Document No. 117). New deadlines set by the order included (among others – for purposes of this Memorandum And Recommendation, only the most relevant deadlines are included here): exchange of terms for construction – January 22, 2021; and exchange preliminary claim construction – February 5, 2021. Id. at p. 2.

On August 26, 2020, Defendant filed an "Amended Motion To Dismiss All Counterclaims Without Prejudice." (Document No. 99). On February 3, 2021, the undersigned issued a Memorandum And Recommendation that recommended that TVL's motion to dismiss its counterclaims *without prejudice* be denied. (Document No. 121). The undersigned also recommended that given the recommendation that the infringement counterclaim remain in the

2

Case 3:19-cv-00497-RJC-DCK   Document 129   Filed 02/24/21   Page 2 of 8

litigation, Plaintiffs' motion to compel TVL to produce its initial infringement contentions (Document No. 95) be granted. Id.

On January 30, 2021, Plaintiffs filed the pending "Motion To Compel." (Document No. 119). Defendant filed a "Response To Motion To Compel" on February 16, 2021. (Document No. 124). Plaintiffs filed a reply to Defendant's response, "Plaintiffs SengLED USA, Inc. And Zhejiang Shenghui Lighting Co., Ltd.'s Reply To TVL's Response To Plaintiffs' Motion To Compel," on February 23, 2021. (Document No. 128). By the pending motion, Plaintiffs seek to compel TVL to produce their proposed terms for construction, as required by the Court's order setting a January 22, 2021 deadline for production of such. See (Document No. 117, p. 2); (Document No. 119).

On February 12, 2021, Plaintiffs filed the second pending "Motion To Compel." (Document No. 123). By the pending motion, Plaintiffs seek to compel TVL to produce the preliminary proposed claim constructions, as required by the Court's order setting a February 5, 2021 deadline for production of such. See (Document No. 117, p. 2); (Document No. 123).

On February 18, 2021, TVL filed its "Motion To Dismiss All Counterclaims With Prejudice." (Document No. 125). TVL filed a "Memorandum In Support Of Its Motion To Dismiss All Counterclaims With Prejudice" on the same day. (Document No. 126). Plaintiffs filed a "Response To Defendant's Motion To Dismiss" on February 21, 2021. (Document No. 127). Although TVL's motion to dismiss its counterclaims is not fully briefed as TVL has not yet filed a reply to Plaintiffs' response, given that Plaintiffs do not object to the dismissal of the counterclaims with prejudice, the undersigned finds that review of the motions for disposition is appropriate at this point. Similarly, TVL has yet to respond to one of Plaintiffs' motions to compel (Document No. 123). Nonetheless, given that Plaintiffs have explicitly stated that its motions to

3

compel would likely become moot as a result of dismissal of TVL's counterclaims (and TVL does not object or contest this issue), addressing each of the pending motions discussed above in this Memorandum And Recommendation is appropriate.  See (Document No. 127, p. 2).

## II.  STANDARD OF REVIEW

**Motions to Compel**

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1).  The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense."  Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion.  See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

**Motion to Dismiss Under Rule 41(a)(2) and 41(c)**

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that:

4

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed.R.Civ.P. 41(a)(2). Rule 41(c) indicates that this rule "applies to a dismissal of any counterclaim, crossclaim, or third-party claim." Fed.R.Civ.P. 41(c).

### III. DISCUSSION

**Motion to Dismiss All Counterclaims With Prejudice**

By the pending motion, TVL seeks to dismiss all of its counterclaims *with prejudice* pursuant to Rules 41(a)(2) and 41(c) of the Federal Rules of Civil Procedure, indicating that "it is without the resources and wherewithal to continue to pursue its counterclaims against SengLED in this action." (Document No. 126, p. 3). The undersigned highlights that TVL previously filed a motion to dismiss all of its counterclaims *without prejudice*. (Document No. 99). On February 3, 2021, the undersigned issued a Memorandum And Recommendation recommending that TVL's motion to dismiss its counterclaims *without prejudice* be denied. (Document No. 121). Given that the pending motion to dismiss TVL's counterclaims is not opposed by Plaintiffs (Document No. 127), the undersigned respectfully recommends that TVL's motion to dismiss its counterclaims *with prejudice* be granted.

**Motions to Compel**

At the outset, the undersigned highlights that the issue of whether the motions to compel would be mooted by dismissal of TVL's counterclaims is not contested by the parties. In its response to TVL's motion to dismiss its counterclaims with prejudice, SengLED notes that were the Court to dismiss TVL's counterclaims as requested, the "motions to compel will likely become

5

moot." (Document No. 127, p. 2). TVL agrees – if the Court grants its motion to dismiss its counterclaims with prejudice, "the need for TVL to file patent construction terms and contentions of infringement as to SengLED's infringement of TVL's -483 patent is now moot." (Document No. 124, p. 1). Plaintiffs' first pending motion to compel (Document No. 119) seeks disclosures from TVL pursuant to the Western District of North Carolina's Local Patent Rules (Rule 4.1), which would require TVL to produce a "list of claim terms, phrases, or clauses that the party contends should be construed by the Court, and identify any claim element that the party contends should be governed by 35 U.S.C. § 112(6)." Plaintiffs' second pending motion to compel (Document No. 123) seeks TVL's preliminary proposed claim constructions.

Given that dismissal of TVL's counterclaims with prejudice would include dismissal of its counterclaim for patent infringement, TVL's obligation to provide Plaintiffs with discovery on the infringement of the patent would be rendered moot by the dismissal. Moreover, the undersigned highlights that neither party contests the issue of the motions to compel being rendered moot by dismissal of TVL's counterclaims with prejudice. Thus, the undersigned respectfully recommends that the two pending motions to compel (Document Nos. 119; 123) be denied as moot.

Although Plaintiffs contend in their response to TVL's motion to dismiss its counterclaims with prejudice that they do not oppose such a motion, they "do not waive their right to recover [] costs and fees [that they sought in the pending motions to compel]." At this point, the undersigned will decline to make a recommendation on Plaintiffs' requests for costs and fees associated with the pending motions to compel. The undersigned will take such requests under advisement pending further litigation in this action.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "TVL International, LLC's Motion To Dismiss All Counterclaims With Prejudice" (Document No. 125) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Plaintiffs' "Motion To Compel" (Document No. 119) be **DENIED** as moot.

**IT IS FURTHER RECOMMENDED** that Plaintiffs' "Motion To Compel" (Document No. 123) be **DENIED** as moot.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Id.  "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'"  Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: February 24, 2021

_____

David C. Keesler
United States Magistrate Judge