# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## CASE NO. 3:19-CV-497-RJC-DCK

| | |
|---|---|
| SENGLED USA, INC., and ZHEJIANG SHENGHUI LIGHTING CO., LTD, <br><br> Plaintiff, <br><br> v. <br><br> TVL INTERNATIONAL, LLC, <br><br> Defendant. | ) ) ) ) ) ) ) **ORDER** ) ) ) ) ) ) |

**THIS MATTER IS BEFORE THE COURT** on Defendant's counsel's "Renewed Motion To Withdraw As Counsel" (Document No. 120) filed February 1, 2021, and Plaintiffs' "Motion Regarding Attorneys Fees" (Document No. 130) filed March 4, 2021. These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and are ripe for disposition. Having carefully considered the motions and the record, the undersigned will deny the motion to withdraw and grant the motion for attorney's fees.

**Motion To Withdraw**

The undersigned notes that Defendant's counsel's original "Motion To Withdraw As Counsel" (Document No. 111) was denied on January 7, 2021. At that time, the Court noted that "corporate defendants, such as TVL International, LLC, are not permitted to proceed without counsel" and directed Defendant to promptly resolve its dispute with current counsel or retain new counsel. (Document No. 118, p. 1). Less than a month later, Mr. Wilder and Mr. Rabon filed their "Renewed Motion To Withdraw As Counsel" (Document No. 120). The "Renewed Motion…" reports that "[e]ssentially, the situation remains as it was at the time that Movants filed their original petition to withdraw." (Document No. 120, p. 2).

Plaintiffs have filed a "…Response…" opposing the "Renewed Motion To Withdraw …" –"[i]n light of the procedural challenges and difficulties that will arise if TVL's counsel is permitted to withdraw.  (Document No. 122, p. 3).  Plaintiffs remind the Court that although counsel seeks to withdraw from representation of TVL in this matter, they continue to represent their client in the related case <u>TVL International, LLC v. Xhenjiang Shenghui Lighting Co., LTD and SengLED USA, Inc.</u>, 3:19-CV-393-RJC-DCK.  <u>Id.</u>  Plaintiffs add that TVL's counsel has "provided no proposal as to how Plaintiffs would communicate with TVL and its officers and employees in this matter when to do so might be ethically prohibited due to their status as represented parties in other related matters."  (Document No. 122, p. 4).

Next, Plaintiffs argue that they will be prejudiced by further delays in this matter if counsel is allowed to withdraw.  <u>Id.</u>  Plaintiffs contend that Defendant TVL "has already failed to comply with multiple deadlines" … and shown an "unwillingness or inability to comply" with Court orders and deadlines.  <u>Id.</u>

Counsel for TVL has failed to file a reply brief, or notice of intent not to reply.  <u>See</u> Local Rule 7.1(e).

More than nine (9) months after denying counsel's original motion, the undersigned still finds this situation frustrating and is still loath to let current counsel out of the case.  <u>See</u> (Document No. 118).  Counsel's own motion acknowledges that the "situation remains as it was," but they filed their "Renewed Motion…" anyway.  Moreover, Counsel has declined to file a reply brief addressing Plaintiffs' persuasive arguments in opposition.

The undersigned also notes that there has been no activity in this case since March 2021.  Meanwhile, the related '393 action has pending motions that have been fully and timely briefed

during July and August 2021, and that case is scheduled for an October hearing before the Honorable Robert J. Conrad, Jr.

Based on the foregoing, the undersigned will again deny the motion to withdraw without prejudice. The undersigned will also require counsel to confer and file a Status Report regarding the Status of this litigation; the parties should address what, if any, discovery remains to be conducted and a proposed dispositive motions deadline.

**Motion For Attorney's Fees**

In support of their "Motion Regarding Attorneys Fees," Plaintiffs note that on February 3, 2021, the undersigned recommended that Plaintiffs be awarded costs and fees related to their "Motion To Compel" (Document No. 95) and directed counsel to confer "in a good faith attempt to arrange Defendant's payment of reasonable expenses and attorney's fees."[1] (Document No. 130) (quoting Document No. 121, p. 15). Plaintiffs contend that Defendant's counsel informed them that Defendant "would not contest the reasonableness of the amount of $1850 as fees in connection with the motion to compel that Judge Keesler granted." Id. Plaintiffs further contend that Defendant has not paid its costs and fees, but instead, has indicated that it will not make the payment. Id. "Plaintiffs request that this court compel the payment of the fees owed." Id.

"TVL's Response…" seems to acknowledge that it "agreed that it would not contest the reasonableness of the amount sought by SengLED for attorney's fees" but disputes the suggestion that it was refusing to make payment. (Document No. 134). TVL states that its counsel communicated the following via email:

> As we have explained several times, TVL is presently not actively in business and does not have the means to pay the fees award. It may be that that will have to be deferred to a judgment.

---

[1] Judge Conrad issued an "Order" (Document No. 132) adopting the "Memorandum And Recommendation" (Document No. 121) and granting "Plaintiffs' request for an award of costs and fees related to the Motion to Compel" on March 10, 2021. (Document No. 132, p. 3).

3

> TVL does not have the ability to pay money to SengLED today or in the foreseeable future.

(Document No. 134, p. 2); see also (Document No. 134-1, p. 2).

In reply, Plaintiffs argue that "TVL should be required to offer more evidence than its counsel's generalized statement that TVL is no longer actively engaged in business" and/or "pay the $1,850.00 in fees to which Plaintiffs are entitled and which TVL previously agreed was a reasonable amount."

In short, Defendant TVL does not dispute the reasonableness of the requested costs and fees or otherwise oppose the motion for attorney's fees, but simply alleges an inability to pay. (Document No. 134). Based on Judge Conrad's previous Order, Plaintiffs' arguments, and the lack of any opposition to the merits of Plaintiffs' demand, the undersigned will grant the motion and direct Defendant TVL International, LLC to pay Plaintiffs' reasonable costs and fees related to the "Motion To Compel" (Document No. 95).

**IT IS, THEREFORE, ORDERED** that Defendant's counsel's "Renewed Motion To Withdraw As Counsel" (Document No. 120) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiffs' "Motion Regarding Attorneys Fees" (Document No. 130) is **GRANTED**. Defendant TVL International, LLC shall pay Plaintiffs' counsel **$1,850.00**, on or before **October 15, 2021**.

**IT IS FURTHER ORDERED** that counsel for the parties shall file a Status Report, jointly if possible, on or before **October 1, 2021**.

**SO ORDERED**.

Signed: September 14, 2021

_____
David C. Keesler
United States Magistrate Judge